**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CA No. 1:18-cv-10228**

GABRIELA SUAZO A/K/A GABRIELA PALING,)
as Personal Representative of The Estate of     )
Rafael Enrique Suazo A/K/A                      )
RAFAEL ENRIQUE SUAZO PEGUERO,        )
                                                )
        **Plaintiff,**                          )
v.                                              )
                                                )
STEVEN EMERY, Individually and in his Official )
Capacity as a Police Officer for the City of Lynn )
Police Department, and                          )
                                                )
THE CITY OF LYNN, a Municipal Corporation )
duly established under the Laws of the          )
Commonwealth of Massachusetts                   )
                                                )
        **Defendants.**                         )
_____)

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff Gabriela Suazo a/k/a Gabriela Paling, as Personal Representative of the Estate of

Rafael Enrique Suazo a/k/a Rafael Enrique Suazo Peguero ("Plaintiff"), by her attorneys,

Bergstresser & Pollock PC, hereby brings this action under 42 U.S.C. § 1983, by the United States

Constitution, including its Fourth and Fourteenth Amendments, and by the laws of the

Commonwealth of Massachusetts to redress civil and legal rights against Defendants, Steven

Emery, Individually and in his official capacity, and the City of Lynn ("Defendants"), and alleges

as follows:

**Preliminary Statement**

1.      This is a civil rights action in which the Plaintiff seeks relief for the Defendants' violations of rights secured by the Civil Rights Act of 1871, 42 U.S.C § 1983, by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws of the Commonwealth of Massachusetts, including wrongful death and conscious pain and suffering. The Defendants' actions and conduct resulted in the unlawful use of excessive force in the shooting and killing of Rafael Suazo.  Pendent claims are also brought pursuant to the Massachusetts Tort Claim Act, M.G.L. Chapter 258, § 4, M.G.L. Chapter 229 § 2 *et. seq.*, and the Declaration of Rights of the Massachusetts Constitution.

**Jurisdiction and Venue**

2.      This action is brought pursuant to 42 U.S.C. §1983 and § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. Title 28 U.S.C. § 1331 and § 1343 confer federal question jurisdiction over all federal claims, and 28 U.S.C. § 1367 confers supplemental jurisdiction over state law claims.  Plaintiff further invokes the pendent jurisdiction of this Court to consider the claims arising under state law sounding in tort, the Massachusetts Tort Claim Act, M.G.L. Chapter 258, § 4, M.G.L. Chapter 229 § 2 *et. seq.*, and the Declaration of Rights of the Massachusetts Constitution.

3.      There exists between the parties an actual controversy justiciable in nature.

4.      This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). The actions complained of took place in this judicial district, the Defendant detective is employed in this judicial district, and the Defendant City of Lynn Police Department is present and regularly conducts affairs in this judicial district.

**Parties**

5.    Rafael Suazo was at all times relevant to the allegations of this Complaint a resident of Boston, Massachusetts, who originally hailed from the Dominican Republic and was a person of color.

6.    Plaintiff Gabriela Paling is the widow of Rafael Suazo and the Personal Representative of his Estate.  Suffolk County Probate and Family Court granted letters of Authority for Personal Representative to her on or about November 19, 2015. Gabriela Paling has at all times relevant to the allegations of this Complaint been a resident of Dorchester, Massachusetts.

7.    Defendant Stephen Emery has at all times relevant to the allegations of this Complaint been a duly appointed police officer of the City of Lynn Police Department. At all times relevant to the allegations of this Complaint, his actions alleged in this Complaint were taken under color of the laws of the Commonwealth of Massachusetts and the City of Lynn. He is sued in his individual and official capacity.

8.    Defendant City of Lynn has at all times relevant to the allegations of this Complaint been a Municipal Corporation duly established under the laws of the Commonwealth of Massachusetts. The City of Lynn through its officers, employees and/or agents, was at all times responsible for the practices, customs, and policies of the City of Lynn Police Department and all of its individual members including adequate training, supervising, investigating and disciplining of police officers.

**Factual Allegations**

9.    On July 13, 2015, Defendant Detective Stephen Emery (hereinafter "Emery") was working undercover as part of the Lynn Police Department Drug Task Force.

3

10.     Defendant Emery was in plain clothes and driving an unmarked black Nissan sedan without police lights or sirens.

11.     At approximately 11:30 am, Defendant Emery witnessed a black Mercedes sedan driving in the vicinity of Grant Street in Lynn, a residential neighborhood.

12.     Due to suspicion that the black Mercedes sedan was engaging in a drug related transaction, Defendant Emery called for back-up, to which Detective Michael Ferraro (hereinafter "Det. Ferraro") responded also in plain clothes and in an unmarked vehicle.

13.     Grant Street in Lynn is located on a hill.

14.     After responding to Defendant Emery's call, Det. Ferraro positioned himself towards the top of the hill on Grant Street while Defendant Emery was located further down the hill.

15.     Sometime later, a Ford Escape SUV (hereinafter "Ford") driven by Rafael Suazo approached the Mercedes sedan and the two officers decided to follow the vehicles.

16.     The Ford and Mercedes sedan eventually pulled over on Rock Avenue where Defendant Emery reported seeing the male operator of the Mercedes sedan exit the vehicle and approach the Ford.  It was suspected that they engaged in a drug related transaction.  The officers did not see the drugs nor did they see any weapons.

17.     It was Defendant Emery's usual practice and procedure to request a marked police cruiser with officers in uniform for a stop and search since his unmarked vehicle lacked sirens, police lights, or any indication that the vehicle or its occupants were associated with the City of Lynn Police Department.

18.     Upon information and belief, it was and is the policy, practice, procedure and/or custom of the Defendant City of Lynn and the Lynn Police Department to have a marked police

4

cruiser effectuate a stop of a vehicle suspected of engaging in a drug related transaction where there are no weapons involved and no direct or imminent threat to officers or the public.

19. Over the main Lynn Police Department Radio Channel, Defendant Emery requested marked police cars pull over the Mercedes sedan and the Ford, and marked police units with uniformed officers indeed proceeded to respond.

20. After the alleged drug related transaction, Defendant Emery followed the Ford, while the Det. Ferraro followed the Mercedes sedan.

21. While waiting for the marked police cars and uniformed officers who were already en route to arrive, Defendant Emery then observed the Ford pull over on its own to the right side of Jefferson Street in Lynn facing in the downhill direction of traffic. Defendant Emery also observed Mr. Suazo to be speaking on his cell phone.  The driver's side window was closed.

22. Defendant Emery then announced over the main Radio Channel that he was also pulling over and he parked his car allegedly approximately 30 feet in front of Mr. Suazo's vehicle.

23. Defendant Emery then violated his usual practice and procedure, and upon information and belief, the policy, practice, procedure and/or custom of the Defendant City of Lynn and the Lynn Police Department, by getting out of his unmarked vehicle in civilian clothes to effectuate a stop of a vehicle suspected of engaging in a drug related transaction, notwithstanding the fact that marked police units were seconds away.

24. At that point, the unarmed Mr. Suazo pulled away from the curve to travel down Jefferson Street when he was shot and killed by a single bullet fired into the side of his head by Defendant Emery as Mr. Suazo was driving by the plain clothed officer.

25. The shooting of the unarmed Ms. Suazo was unnecessary, unwarranted, unreasonable and unlawful.

5

26.     According to a time stamp on a domestic surveillance video taken from a camera mounted on a house on the opposite side of Jefferson Street, approximately nine seconds elapsed between the time Defendant Emery pulled over his unmarked vehicle and the time Mr. Suazo pulled off the curb and was within seconds thereafter shot in the head and killed by Defendant Emery.

27.     Within those nine seconds, Defendant Emery contends that he parked his unmarked vehicle, exited the car, walked to the back of it, held up his badge that was around his neck, identified himself stating "Police" from approximately 30 feet away while the windows of Suazo's vehicle were closed, saw Suazo's vehicle pull off the curb and inexplicably tried to avoid the downhill path of Suazo's vehicle by moving in the direction of the opposite side of the street, rather than moving toward the side of the street where both cars were parked and therefore out of the path of Suazo's vehicle.

28.     Moreover, the backup marked police cruiser with officers in uniform that Defendant Emery called for was seconds away, making the unlawful shooting of Mr. Suazo to apprehend him entirely unnecessary.  According to a time stamp on a domestic surveillance video referenced above, the first marked cruiser arrived on the scene, approximately twenty-seven seconds after Defendant Emery violated standard police procedure and his own practice and exited his unmarked car in civilian attire.

29.     Even if his version of events is to be accepted, the path intentionally and with gross negligence chosen by Defendant Emery unreasonably placed the plain clothed officer near the middle of the road, rather than toward the closer curb to his left, away from the downhill path of Suazo's vehicle.

30.    When Defendant Emery pulled his unmarked vehicle over, there was never a need for the use of deadly or even less than deadly force with respect to the unarmed Mr. Suazo.

31.    Defendant Emery provoked a situation in which Mr. Suazo was not a threat to anyone including officers and was suspected of a simple non-violent drug transaction.

32.    Mr. Suazo did not swerve his vehicle towards Defendant Emery as he was pulling off the curb and heading straight down Jefferson Street.

33.    In addition to Defendant Emery wearing plain clothes and arriving in an unmarked vehicle, he admits he did not know if Mr. Suazo heard him identify himself as police because he could not tell if Mr. Suazo's windows were up (the evidence indicates the windows were indeed up) and it appeared he was on his cell phone.

34.    Defendant Emery stated that after the front of the car was already passed him, he allegedly slammed his left forearm onto the hood of Mr. Suazo's vehicle, then drew his weapon, aimed and with a single shot into the driver's side of Mr. Suazo's vehicle shot the unarmed Rafael Suazo in the head.

35.    Defendant Emery was not at risk of deadly force from the Suazo vehicle when he shot and killed Suazo, as the front of the vehicle had already passed him and the vehicle was heading downhill and away from Defendant Emery.

36.    With the now incapacitated Rafael Suazo behind the wheel, Suazo's vehicle traveled down the Jefferson Street hill colliding with several vehicles with passengers at the bottom, putting their lives at great risk unnecessarily and with gross disregard for public safety.

37.    Mr. Suazo was transported by MedFlight to Massachusetts General Hospital where he was pronounced dead.

38. An autopsy performed on July 14, 2015, concluded that the cause of Mr. Suazo's death was homicide by gunshot wound to the head with perforation of the skull and brain.

39. Defendant Emery knew it was against reasonable and accepted police practice to make the vehicle stop without a marked police cruiser.

40. It was Defendant Emery that initiated contact with the Suazo vehicle by slamming his forearm on the hood of the vehicle from the side of the vehicle while it was passing him.

41. At the time of the incident, Defendant Emery had no reason to believe Mr. Suazo was armed or dangerous to either himself or others.

42. Defendant Emery knew that it was wrong, grossly negligent, unreasonable and against acceptable procedures to use deadly force against a civilian who posed no risk to himself or the community.

43. Defendant Emery knew the suspect could be easily apprehended in seconds by the marked police car and uniformed officers he, himself, had called for.

44. As a result of Defendants Emery's illegal, unreasonable and excessive use of force, Mr. Suazo suffered tremendous physical injuries causing his wrongful death, conscious pain and suffering and other related expenses and damages.

45. In addition to the negligent acts and/or intentional torts described above, the deprivation of Mr. Suazo's rights were directly and proximately caused by the deliberate indifference and failure of the City of Lynn Police Department to adequately screen, test, train, supervise, investigate and discipline its police officers to the extent that this custom and practice and acquiescence of supervisory officials resulted in an unconstitutional policy.

46. As a result of Defendants' actions, Mr. Suazo suffered damages including, but not limited to, wrongful death, conscious pain and suffering and other related expenses and damages.

8

47.    On information and belief, Defendant Emery attended the police academy and received initial training in the law of arrest and detention, the laws of the use of force, and the constitutional rights of citizens. Accordingly, Defendant Emery knew or should have known that he violated the Fourth and Fourteenth Amendments and otherwise denied the constitutional and statutory rights of Mr. Suazo.

48.    On information and belief, Defendant City of Lynn, with deliberate indifference, has failed to properly train, supervise and discipline police officers with respect to the policies and procedures mandated for police confrontations and the use of excessive force. Specifically, police officers are not properly trained with respect to undercover confrontations with civilians, including how to properly effectuate a vehicle stop and when it is appropriate to use deadly force.

49.    The acts of Defendant Emery and Defendant City of Lynn, and other policy makers of the City of Lynn are grossly negligent amounting to deliberate indifference to the rights of citizens who the police come into contact with, or negligent at the very least.

50.    On June 6, 2016, Plaintiff through Counsel sent a Notice/Demand letter pursuant to M.G.L. Chapter 258 to the appropriate City of Lynn officials, who neglected to respond within the statutory six-month period.

## COUNT I
### VIOLATION OF 42 U.S.C. § 1983 AGAINST DEFENDANT EMERY

51.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 50 of this Complaint as though fully set forth herein.

52.    Defendant Emery, while acting under the color of law, used unreasonable and excessive force against Rafael Suazo.

9

53.     As a direct and proximate result of the reckless, grossly negligent, malicious, wanton and/or willful acts of Defendant Emery, Rafael Suazo was deprived of his well-established right against unreasonable and excessive force under the Fourth and Fourteenth Amendments.

54.     Defendant Emery's actions were taken in reckless disregard for Rafael Suazo's constitutional rights.

55.     As a direct and proximate result of Defendant Emery's actions, Rafael Suazo suffered the damages described above.

56.     Plaintiff, Gabriela Paling, as the Personal Representative of the Estate of Rafael Suazo, is thereby entitled to damages under the United States Constitution and 42 U.S.C. §§ 1983 and 1988 and the Declaration of Rights of the Massachusetts Constitution, among other damages.

## COUNT II
## VIOLATION OF M.G.L. CHAPTER 12, § 11I AGAINST DEFENDANT EMERY

57.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 56 of this Complaint as though fully set forth herein.

58.     At all times relevant hereto, Rafael Suazo was exercising a right protected by the Constitution and laws of the Commonwealth of Massachusetts and the United States to be free from the unlawful use of excessive force.

59.     Defendant Emery injured, intimidated, interfered with, oppressed and/or threatened the exercise or enjoyment of that legally protected right of Rafael Suazo.

60.     Defendant Emery did so by unlawfully shooting and killing Rafael Suazo.

61.     Defendant Emery's actions were reckless, grossly negligent, malicious, wanton and/or willful.

62.     As a direct and proximate result of Defendant Emery's actions, Rafael Suazo suffered the damages described above.

63.     Plaintiff, Gabriela Paling, as the Personal Representative of the Estate of Rafael Suazo, is thereby entitled to damages under the Massachusetts Constitution, and M.G.L. Chapter 12, Section 11I, the Massachusetts Civil Rights Act.

**COUNT III**
**42 U.S.C. § 1983 MUNICIPAL LIABILITY AGAINST DEFENDANT CITY OF LYNN**

64.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 63 of this Complaint, as though fully set forth herein.

65.     Prior to July 13, 2015, Defendant City of Lynn developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of citizens that directly caused the deprivation of Rafael Suazo's constitutional rights.

66.     Defendant City of Lynn caused the aforementioned constitutional violations by reason of its practice and custom, with deliberate indifference, of failing to properly train, supervise and discipline police officers, including the defendant officer, in the proper use of deadly force.

67.     Defendant City of Lynn caused the aforementioned constitutional violations by reason of its practice and custom, with deliberate indifference, of failing to properly train, supervise and discipline police officers, including the defendant officer, in properly effectuating a vehicle stop while in plain clothes and in an unmarked vehicle.

68.     As a direct and proximate cause of Defendant City of Lynn's actions, Rafael Suazo suffered the damages described above.

69.     Plaintiff, Gabriela Paling, as the Personal Representative of the Estate of Rafael Suazo, is thereby entitled to damages under the United States Constitution, 42 U.S.C. Sections 1983 and 1988, the Declaration of Rights of the Massachusetts Constitution, and M.G.L. Chapter

11

12, Section H&I, M.G.L. Chapter 258, Section 4, and other state laws including the Massachusetts Constitution.

**COUNT IV**
**VIOLATION M.G.L. 229 § 2 (MASSACHUSETTS WRONGFUL DEATH STATUTE)**
**AGAINST DEFENDANT CITY OF LYNN**

70.     Plaintiffs hereby incorporate by reference the allegations contained in Paragraphs 1 through 69 of this Complaint, as though fully set forth herein.

71.     Plaintiff Gabriella Paling, in her capacity as the Personal Representative of the Estate of Rafael Suazo, asserts the claim of wrongful death against Defendant City of Lynn.

72.     Defendant Emery, while acting within the scope of his employment as an agent, servant and employee of the Defendant City of Lynn, wrongfully caused the death of Rafael Suazo.

73.     Defendant Emery's excessive and unreasonable use of deadly force was not a discretionary function of his employment.

74.     The manner in which Defendant Emery performed the stop of Rafael Suazo and his vehicle was not a discretionary function of his employment.

75.     As a direct and proximate result of Defendant Emery's actions describe above, Rafael Suazo suffered tremendous physical and emotional injuries, conscious pain and suffering and thereafter wrongfully died on July 13, 2015.  He also incurred necessary medical and burial expenses.

76.     As a direct and proximate result of Defendant Emery's actions complained of herein, Gabriella Paling and her two minor children have suffered a loss of consortium, companionship, society, services, affections and income among other damages.

## COUNT V
## ASSAULT AND BATTERY AGAINST DEFENDANT EMERY

77.     Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 76 of this Complaint, as though fully set forth herein.

78.     On or about July 13, 2015, Defendant Emery touched the person of Rafael Suazo without having any right or excuse for doing do.

79.     On or about July 13, 2015, Defendant Emery intended to touch Rafael Suazo.

80.     The touching complained of herein was likely to cause bodily harm and was offensive and done without the consent of Rafael Suazo.

81.     In doing so, Defendant Emery unlawfully and intentionally committed an assault and battery against Mr. Suazo, in violation of Massachusetts law.

**WHEREFORE**, the Plaintiff requests that this Court:

   a.     Award compensatory damages in favor of the Plaintiff and against the Defendants jointly and severally;

   b.     Award punitive damages;

   c.     Award prejudgment interest and the costs of this action, including attorney's fees, to the Plaintiff; and

   d.     Award such other further relief as this Court may deem necessary and appropriate.


   **PLAINTIFF CLAIMS A TRIAL BY JURY.**

13

Plaintiff,
By her attorneys:

Dated: February 6, 2018

 /s/ Clyde D. Bergstresser
Clyde D. Bergstresser, Esq. BBO #039200
clyde@bergstresser.com
Russell X. Pollock, Esq. BBO #564883
russ@bergstresser.com
Richard J . Zabbo, Esq. BBO#685601
rich@bergstresser.com
Bergstresser & Pollock PC
52 Temple Place
Boston, MA 02111
(617) 682-9211
(617) 451-1070 – FAX